**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

RECEIVED

MAR 13 2018

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

JMD/JS
2017R00150

January 5, 2017

Lisa Mack, Esq.
Office of the Federal Public Defender
1003 Broad Street
Newark, New Jersey 07102

Re: <u>Plea Agreement with Gregory Lepsky</u>
    *Criminal No. 18-114 (MAS)*

Dear Ms. Mack:

This letter sets forth the plea agreement between your client, Gregory Lepsky, and the United States Attorney for the District of New Jersey ("this Office"). This agreement shall expire if a fully executed copy of the plea agreement is not received by this Office by on or before January 26, 2018.

Charge

Conditioned on the understandings specified below, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Gregory Lepsky to a one-count Information that charges him with knowingly and unlawfully attempting to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b); including services and personnel, to a foreign terrorist organization, namely the Islamic State of Iraq and al-Sham, knowing that the organization was a designated terrorist organization, and that the organization had engaged and was engaging in terrorist activity and terrorism, in violation of Title 18, United States Code, Section 2339B(a)(1) and 2339B(d). If Gregory Lepsky enters a guilty plea and is sentenced to a term of incarceration of at least sixteen (16) but not more than nineteen (19) years, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Gregory Lepsky for attempting to provide material support and resources, or for attempting to use a weapon of mass destruction, for his actions through February 21, 2017—the date of Lepsky's arrest by law-enforcement officers. However, in the event that a guilty plea in this matter is not entered for any reason, or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the

defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gregory Lepsky may be commenced against him, notwithstanding the expiration of the limitations period after Gregory Lepsky signs the agreement.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C), or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the United States Probation Department of information relating to the sentencing, and such information may be used by the Court in determining an appropriate sentence for Gregory Lepsky. In the event that the Court defers a decision to accept the plea or plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea or plea agreement.

Sentencing

The violation of Title 18, United States Code, Sections 2339B(a)(1) and 2339B(d), to which Gregory Lepsky agrees to plead guilty, carries a statutory maximum prison sentence of twenty (20) years, and a statutory maximum fine equal to the greatest of: (1) either $1,000,000, or (2) twice the gross profits or other proceeds to Gregory Lepsky. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Gregory Lepsky agree that a sentence of at least sixteen (16) years, but not more than nineteen (19) years, is the appropriate disposition of this case and constitutes a reasonable sentence that is sufficient, but not greater than necessary, taking into account all of the factors set forth in 18 U.S.C. § 3553(a). Accordingly, if the Court accepts this plea agreement, then Gregory Lepsky must be and will be sentenced to a term of incarceration of at least sixteen (16) years, but not more than nineteen (19) years.

This Office and Gregory Lepsky also agree that the offense to which Gregory Lepsky is pleading guilty involved and was intended to promote a federal crime of terrorism. Therefore, the parties agree that the United States Sentencing Guidelines Section 3A1.4 applies to Gregory Lepsky for the offense charged in the Information.

Further, in addition to imposing any other penalty on Gregory Lepsky, the sentencing judge: (1) will order Gregory Lepsky to pay an

- 2 -

assessment of $100, pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing; (2) may order Gregory Lepsky to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) pursuant to 18 U.S.C. § 3583, shall require Gregory Lepsky to serve a term of lifetime supervised release, which will begin at the expiration of any term of imprisonment imposed. During Gregory Lepsky's lifetime supervised release, if he subsequently violates any of the conditions of supervised release, Gregory Lepsky may be sentenced to a term of imprisonment not more than three (3) years, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and he may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gregory Lepsky by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gregory Lepsky's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Gregory Lepsky agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. Factual stipulations do not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. In addition, to the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of any such fact or conclusion.

The stipulations concerning the appropriate sentence in this case are offered as a recommendation to the Court, and it binds the Court once, and if, the Court accepts this plea agreement.

These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

- 3 -

### Waiver of Appeal and Post-Sentencing Rights

Gregory Lepsky knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to, an appeal under 18 U.S.C. § 3742, or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is in accordance with the terms of this agreement, and includes a period of incarceration of at least sixteen (16) years, but not more than nineteen (19) years. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gregory Lepsky. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Gregory Lepsky.

No provision of this agreement shall preclude Gregory Lepsky from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Gregory Lepsky received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Gregory Lepsky and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: *[signature]*

James Donnelly
Assistant United States Attorney

Justin Sher
Trial Attorney, United States
Department of Justice, National
Security Division

APPROVED:

*[signature]*

THOMAS J. EICHER
Chief, Criminal Division

- 6 -

I have received this letter from my attorney, Lisa Mack, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 1/22/18
GREGORY LEPSKY

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 1/22/18
LISA MACK, ESQ.

- 7 -

Plea Agreement With Gregory Lepsky

Schedule A

1. This Office and Gregory Lepsky agree to stipulate to the following:

   a. From at least on or about December 24, 2016 until February 21, 2017, in Ocean County, in the District of New Jersey, and elsewhere, defendant Gregory Lepsky knowingly and unlawfully attempted to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including services and personnel, to a foreign terrorist organization, namely the Islamic State of Iraq and al-Sham, knowing that the organization was a designated terrorist organization, and that the organization had engaged and was engaging in terrorist activity and terrorism.

   b. The parties agree that the offense charged in the Indictment involved, and was intended to promote, a federal crime of terrorism. The parties also agree that Lepsky intended to provide material support or resources to ISIS for the purpose of influencing, affecting, and retaliating against government conduct. Therefore, the parties agree that U.S.S.G. § 3A1.4 applies to the defendant.

2. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of at least sixteen (16) years, but not more than nineteen (19) years (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below the Stipulated Sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to entry of the plea.

- 8 -